GRUEN INDUSTRIES, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 95–05–00629

(Dated March 28, 1997)

*Sosnov & Associates, (Steven R. Sosnov)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Saul Davis);* Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service *(Mark K. Nachman),* of Counsel, for defendant.

## MEMORANDUM OPINION AND ORDER

GOLDBERG, *Judge:* This matter comes before the Court on cross-motions for summary judgment. Plaintiff, Gruen Industries, Inc. ("Gruen"), moves for summary judgment to compel the United States Customs Service ("Customs") to make available copies of entry papers related to the importation of quartz analog watches liquidated in 1986 and 1987. Gruen seeks to establish this Court's jurisdiction under 28 U.S.C. § 1581(a) (1994). Customs opposes Gruen's motion on the grounds that the action is barred under 28 U.S.C. § 2636(a) (1994), because Gruen failed to satisfy a precondition to invoking this Court's jurisdiction, namely, the timely filing of an administrative protest.

The sole issue in this case pertains to the appropriate date on which the administrative process ended under 19 U.S.C. § 1514(c)(3) (1994). This is the date that triggers the one hundred eighty day statute of limitations under 28 U.S.C. § 2636(a) for filing an action with this Court.

Customs contends that the appropriate date occurred in January 1988 and, therefore, this Court lacks jurisdiction to hear plaintiff's claim under 28 U.S.C. § 1581(a). Gruen claims that the appropriate date is November 1, 1994, the point when Gruen maintains that it exhausted its administrative remedies. The Court agrees with Customs, finding that the untimely pursuit of administrative remedies cannot extend the commencement date for the statute of limitations.

Gruen filed this action in order to challenge Customs' refusal to make entry papers available for liquidations that occurred between May 1986 and October 1987. According to an affidavit signed by Gruen's representative, Mr. Lau, Gruen orally requested examination of the entry papers within ninety days of the dates of liquidation. According to the affidavit, Customs officers, at the time of the requests, consistently orally denied access to the entry papers based on New York Region Informational Pipeline No. 1167, Treas. Dep't, U.S. Cust. Srvc. (Dec. 11, 1985). The policy set forth in the Pipeline is that the New York Region will deny an importer access to entry papers for entries that do not involve a change of liquidation, unless the importer submits a written request providing compelling reasons justifying an exception. Under the policy, an import-

er is expected to maintain its own records and therefore, should have complete records for entries that do not involve a change of liquidation.

On October 23, 1992, more than four years after the initial denials in 1986 and 1987, Gruen requested copies of the entry papers by a letter addressed to the New York District Director of Customs. On September 3, 1993, Customs denied the request by letter. Subsequently, on November 17, 1993, Gruen filed a protest with Customs seeking review of the District Director's refusal. Customs denied the protest on November 1, 1994, on the grounds that the protest was filed late and that the challenged ruling was correct. Thereafter, Gruen filed this action within one hundred eighty days after November 1, 1994.

Pursuant to 28 U.S.C. § 2636(a), a civil action filed with the Court of International Trade under 28 U.S.C. § 1581(a) is barred unless commenced within one hundred eighty days after the date of the mailing of the notice of the denial.

Gruen contends that the one hundred eighty day statute of limitations began to run from November 1, 1994, the date on which Customs denied Gruen's written request for review of the decision made by the New York District Director of Customs. Gruen contends that the denial of the request ended the administrative process and was, therefore, the event contemplated in 28 U.S.C. § 2636(a).

The Court rejects Gruen's argument. As noted above, Gruen waited more than four years before it began to pursue its administrative remedies in October 1992. Customs found that Gruen's initiation of the administrative process was untimely in its November 1994 denial.

The untimely pursuit of administrative remedies by an importer cannot extend the time limit for filing an action at the Court of International Trade. *Transmarine Navigation Corp. v. United States*, 7 CIT 42 (1984). If the Court accepted Gruen's position, this would allow parties to gain access to the courts, after a long delay on their part, by simply writing a letter to Customs and having the request denied for being untimely.

Rather, construing the facts in a light most favorable to Gruen, the Court finds that the administrative process ended sometime in 1988 when Gruen failed to file a protest with Customs. The one hundred eighty day period of 28 U.S.C. § 2636(a) began with the later of two events: (1) when Customs initially denied Gruen copies of the entry papers; or (2) when Gruen waived its rights to administrative remedies by failing to file a timely protest with Customs.

It is undisputed that all of the entries were liquidated prior to October 31, 1987. Following notice of liquidation, Gruen had ninety days to request examination of the relevant entry papers and to file a protest. 19 U.S.C. § 1514(c)(3). According to Mr. Lau's declaration, he did request examination of the entry papers on behalf of Gruen within ninety days of liquidation. Therefore, per Mr. Lau's declaration, all of the initial refusals to provide copies of the papers occurred prior to January 31, 1988.

Thus, under either scenario, the one hundred eighty day time bar became effective in 1988.

For these reasons, it is hereby

ORDERED that this case is dismissed for lack of jurisdiction.